UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEREMY McGOWEN,
                        Petitioner,
    v.
                                                     9:17-CV-0480
                                                     (BKS)
CRAIG D. APPLE,

                        Respondent.
_____

APPEARANCES:

JEREMY McGOWEN
Petitioner, pro se
104 Willett Street
Albany, NY 12210

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

Petitioner Jeremy McGowen filed a petition for a writ of habeas corpus along with a supporting affidavit and exhibits, pursuant to 28 U.S.C. §2254. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Affidavit; Dkt. Nos. 1-2 through 1-9, Exhibits. He also moves for order continuing his bail status or directing his release pending the resolution of his petition. *See* Dkt. No. 1-1. Petitioner paid the filing fee.

Petitioner challenges a 2015 judgment of conviction, in the Albany County Court, of fourth degree arson. Pet. at 1.[1] He states that the Appellate Division affirmed his conviction on April 16, 2017, and that on April 28, 2017, the New York Court of Appeals denied leave to appeal further. *Id.* at 2. Petitioner also states that on September 12, 2016, he filed a motion

---

[1] The cited page numbers refer to those generated by the Court's electronic filing system ("ECF").

to vacate his conviction pursuant to New York Criminal Procedure ("CPL") §440.10, and the motion was denied on October 12, 2016. Pet. at 3. On November 29, 2016, the Appellate Division denied leave to appeal. *Id.* at 4. Petitioner states that on February 14, 2017, the New York Court of Appeals dismissed his application for leave to appeal further because the decision was not "appealable under CPL 450.90." *Id.* at 5.

Petitioner argues that trial counsel was ineffective. Pet. at 5; Dkt. No. 1-1 at 1-8. For a complete statement of petitioner's claims, reference is made to the petition, supporting affidavit and exhibits. Based on an initial review, respondent must file an answer to the petition.

Finally, petitioner states that after he was sentenced, the county court permitted him to remain free on bail pending the outcome of his direct appeal. Dkt. No. 1-1 at 1. He asks this Court to issue an order continuing his bail status or directing his release pending review of his petition. *Id.* at 1, 7-8.

Federal courts have authority to grant bail to habeas petitioners, but "that power is a limited one, to be exercised in special cases only." *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001) (citing *Ostrer v. United States*, 584 F.2d 594, 596 n.1 (2d Cir. 1978)). To be entitled to bail, a petitioner must show that "the habeas petition raise[s] substantial claims and that extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective." *Id.* (quoting *Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir. 1990) (internal quotation marks omitted) (alterations in original).

Even assuming that the petition raises "substantial claims," petitioner has not "demonstrated that extraordinary circumstances exist that make the grant of bail necessary

2

to make the habeas remedy effective." *Cunningham v. Poole*, No. 9:06-CV-0659, 2007 WL 3353115 at *2 (N.D.N.Y. Nov. 7, 2007); *see Iuteri v. Nardoza,* 662 F.2d 159, 162 (2d Cir. 1981) ("Iuteri contends further that his case is extraordinary because, if the habeas writ is granted, it will mean that his incarceration after July 2, 1981, would have been without basis. However, there is nothing unusual about this. Virtually all habeas corpus petitioners argue that their confinement is unlawful."); *Mills v. Poole*, No. 1:06-CV-842A, 2007 WL 4964605 at *2 (W.D.N.Y. Oct. 26, 2007) (denying motion for bail where "Mills' submissions to the Court thus far have demonstrated neither a 'likelihood' nor a 'high probability' of success on the merits of his habeas petition."). Petitioner's motion is therefore denied.

**WHEREFORE**, it is

**ORDERED** that petitioner's request that this Court issue an order continuing his bail status or directing his release pending review of his petition (Dkt. No. 1-1) is **DENIED;** and it is

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Local Rules; and it is

**ORDERED** that the Clerk serve copies of this Decision and Order, the petition (Dkt. No. 1), the supporting affidavit (Dkt. No. 1-1) and the exhibits (Dkt. Nos. 1-2 through 1-9) upon and the Attorney General of the State of New York in accordance with Local Rule 72.4(e). Due to the volume of exhibits attached to the petition, the Clerk is directed to serve the petition (Dkt. No. 1) and supporting affidavit (Dkt. No. 1-1) upon the named respondent without the exhibits; and it is

**ORDERED** that the respondent shall file and serve an answer to the petition, and

provide the Court with the relevant state court records,[2] within ninety (90) days of the date of this Decision and Order; and it is further

**ORDERED** that upon the filing of the answer, the Clerk shall forward the entire file in this matter to the Court for further review; and it is further

**ORDERED** that the parties shall file all pleadings, motions or other documents relating to this action with the Clerk of the United States District Court, Northern District of New York, James Hanley U.S. Courthouse & Federal Building, 7th Floor, 100 South Clinton Street, Syracuse, New York 13261-7367. The parties must accompany any document filed with the Court with a certificate setting forth the date on which they mailed a true and correct copy of the same to all opposing parties or their counsel. The Court will strike any filing that does not include a proper certificate of service. Petitioner must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. Petitioner must also promptly notify the Clerk's Office and all parties or their counsel of any change in his address. His failure to do so will result in the dismissal of this action.

This case will not be referred to a Magistrate Judge pursuant to Local Rule 72.3(c). Therefore, all motions are to be made returnable before the undersigned on any business day with proper allowance for notice as required by the Local Rules. All parties must comply with Rule 7.1 of the Northern District of New York in the filing of motions. All motions will be

---

[2] The records must be arranged in chronological order, sequentially numbered, and conform fully with the requirements of Local Rule 72.4. Respondent is reminded that if memoranda contain citations to decisions exclusively reported on computerized databases, *e.g.* Westlaw, Lexis, copies of those decisions shall be mailed to a pro se petitioner, but no longer need to be filed with the Court. N.D.N.Y. L.R. 7.1 (a)(1).

decided on papers with no appearances and without oral argument unless otherwise ordered by this Court.

Dated: May 9, 2017

                                                      *Brenda K. Sannes*
                                                     Brenda K. Sannes
                                                     U.S. District Judge